FILED
 2022 Apr-11  PM 01:07
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL ROBERT DUVALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action Number |
| **v.** ) | **5:22-cv-00383-AKK** |
| ) | |
| **UNITED STATES SPACE AND** ) | |
| **ROCKET CENTER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Michael Duvall sues the U.S. Space and Rocket Center, its director, and its head of security for allegedly violating his First Amendment rights by banning him from the Center's property. *See* doc. 1. Duvall also moves to proceed *in forma pauperis*. Doc. 2. The motion, which is due to be granted, caused the court to review his *pro se* complaint to ensure it states a viable claim. *See* 28 U.S.C. § 1915(e)(2)(B). As explained below, because it fails to do so, the court must dismiss it.

## I.

Duvall pleads that in 2018, while he stood outside the U.S. Space and Rocket Center in Huntsville, Alabama, employees from the Center "asked [him] to sign a piece of paper agreeing to never come back on U.S. Space and Rocket Center property." Doc. 1 at 9 (emphasis omitted). Duvall threw one employee's clipboard on the ground, and the employees apparently threatened him. *Id.* at 5. After Duvall

"thought everything was settled down," he returned to the Center's grounds in 2022 to "admire the Saturn V rocket" from the parking lot. *Id.* This time, two security guards "threatened" him. *Id.* at 5–6.

Duvall subsequently called the Center and spoke to the head of security. *Id.* at 6. Duvall asked why the Center had barred him from the property, to which the head of security purportedly answered that Duvall "was trying to bust open Seal No. 7 of the Holy Bible."[1] *Id.* Duvall admits he was attempting to do this, but he claims that the Center "does not believe in the Holy Bible" and denied him access while he "was minding [his] own business, not bothering anybody" or "breaking the law." *Id.* at 6–7. He also faults the Center for allegedly refusing to fly the Alabama state flag next to the United States flag. *Id.* at 8.

Duvall contends that this conduct violated his First Amendment rights of freedom of religion and freedom of assembly. *Id.* at 3. As relief, he seeks a "written letter of apology" from the Center's director, for the Center to fly the Alabama flag, and $7 million in damages. *Id.* at 8–9.

## II.

The court liberally construes *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). When a plaintiff proceeds *in forma pauperis*, as here, the court "screens" the complaint to ensure it states a viable claim to relief.

---

[1] Duvall does not explain what this conduct entails or denotes.

*See* 28 U.S.C. § 1915(e)(2)(B); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review dismissal under § 1915(e)(2)(B)(ii)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under these standards, Duvall's claims do not pass muster.

A.

With respect to religious freedom, the First Amendment prevents Congress from enacting laws "respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. CONST., AMEND I. The Free Exercise Clause[2] protects against government action that "discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). As a result, a law "targeting religious beliefs" is "never permissible," but "a law that is neutral and of general applicability" requires only a rational basis to withstand First Amendment scrutiny even if it "has the incidental effect of burdening a particular religious practice." *See id.* at 531, 533.

---

[2] The court construes the complaint as pleading claims under the Free Exercise Clause and not the Establishment Clause because Duvall seems to allege that the Center burdened his religious practice specifically. *See* doc. 1; *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993) ("The[] [Establishment Clause] cases, however, for the most part have addressed governmental efforts to benefit religion or particular religions, and so have dealt with a question different, at least in its formulation and emphasis, from the issue here. Petitioners allege an attempt to disfavor their religion because of the religious ceremonies it commands, and the Free Exercise Clause is dispositive in our analysis.").

3

Thus, "[t]o plead a valid free exercise claim, [Duvall] must allege that the government has impermissibly burdened one of his 'sincerely held religious beliefs.'" *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007). Duvall alleges that the Center burdened his religious exercise by banning him from the property for "attempting to bust open Seal No. 7 of the Holy Bible." Doc. 1 at 6. However, the complaint fails to plead a connection between this conduct and a burden on Duvall's sincerely held religious beliefs beyond, perhaps, an "incidental effect." *See Church of the Lukumi Babalu Aye, Inc.*, 508 U.S. at 531, 533. Because the complaint does not allege a facially plausible Free Exercise Clause claim, Duvall's religious freedom claim is due to be dismissed.

B.

The First Amendment also forbids the government from "abridging the freedom of speech . . . or the right of the people peaceably to assemble." U.S. CONST., AMEND I. However, "the First Amendment does not guarantee access to property just because it is owned by the government." *Bloedorn v. Grube*, 631 F.3d 1218, 1230 (11th Cir. 2011). Nor does it guarantee "the right to communicate one's views at all times and places or in any manner that may be desired," *McMahon v. City of Panama City Beach*, 180 F. Supp. 3d 1076, 1093 (N.D. Fla. 2016), or protect "a generalized right of social association," *Ramos v. City of Miami*, 115 F. Supp. 3d 1372, 1374 (S.D. Fla. 2015).

Allegedly, after employees first asked Duvall to leave the Center, they got into some kind of altercation, and when he returned, employees again requested that he leave. Doc. 1 at 5–6. Duvall claims this occurred because he tried to "bust open Seal No. 7 of the Holy Bible." *Id.* at 6. However, these allegations do not plausibly state a violation of his First Amendment free-speech or assembly rights.[3] The Center need not provide him with unfettered access. *See Bloedorn*, 631 F.3d at 1230. Moreover, it may place parameters around visitors' conduct, particularly in the parking lot, which arguably constitutes a "limited public forum" where restrictions on access need only satisfy a "reasonableness" standard. *See McMahon*, 180 F. Supp. 3d at 1093. Therefore, this claim is due to be dismissed.

C.

Finally, Duvall does not identify how the Center's purported refusal to fly the State flag caused him a discrete injury[4] or provide any authority suggesting that the

---

[3] Construing Duvall's claims liberally, the court understands the complaint to possibly plead a freedom-of-speech claim. To determine the scope of an individual's free-speech right on government property, the court must consider (1) "whether the speech is protected under the First Amendment"; (2) "the nature of the relevant forum, which in turn determines the extent to which the government may limit access to the forum"; and (3) "whether the justifications proffered by the government for limiting access to the forum satisfy constitutional standards." *McMahon*, 180 F. Supp. 3d at 1093.

[4] To have standing to file a lawsuit, a plaintiff must plead some concrete, particularized, and actual or imminent injury fairly traceable to the defendant's conduct and substantially likely to be redressed by the requested relief. *Women's Emergency Network v. Bush*, 323 F.3d 937, 943 (11th Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Center has some legal obligation to fly it next to the national flag. To the extent that Duvall pleads a separate claim based on this conduct, it is also due to be dismissed.

### III.

In sum, although Duvall's motion to proceed *in forma pauperis*, doc. 2, is due to be granted, the court must dismiss his complaint because it fails to state a viable claim to relief, *see* 28 U.S.C. § 1915(e). The court will enter a separate order.

**DONE** the 11th day of April, 2022.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE